| From: | Brad Smith |
|---|---|
| Sent: | Wednesday, April 19, 2017 9:12 AM MDT |
| To: | Larry Murphy |
| CC: | David Curliss |
| Subject: | Re: Petition to Cancel |
| Attachments: | CarbonSix Petition to Cancel - BLS comments.pdf |

Attorney Client

███████████████████████████████████████

- Brad
Bradley L. Smith
Endurance Law Group PLC
180 W. Michigan Ave., Suite 801
Jackson, MI  49201
(517) 879-0253

On Wed, Apr 19, 2017 at 10:11 AM, Tim Monahan <tmonahan@monahanip.com> wrote:

Brad,

Ron Duplessis is available for a telephone conference with Larry Murphy on Thursday morning (Montana time).  His mobile number is (225) 978-8674.  Please let us know the preferred time.

Can we agree to the following?

• The "cooling off" period will be extended through Thursday, April 20th.  During the cooling off period, neither party will file a lawsuit in federal or state court, nor file a cancellation proceeding at the TTAB.  If the parties want to continue the cooling off period until further discussions or a face-to-face meeting can be arranged, they can decide on Thursday.

• The discussions will constitute settlement discussions under FRE 408, and will not be admissible as evidence.

*Timothy J. Monahan*

Monahan & Company, LLC

201 E Park Ave

Greenville, SC 29601

P (864) 509-6304

F (864) 509-6305

tmonahan@monahanip.com

www.monahanip.com

**CONFIDENTIALITY NOTICE:** The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

**From:** Brad Smith [mailto:bsmith@endurancelaw.com]
**Sent:** Tuesday, April 18, 2017 5:01 PM
**To:** Tim Monahan <tmonahan@monahanip.com>
**Subject:** Re: Petition to Cancel

Tim,

Larry Murphy is available to discuss things with Ron Duplessis this Thursday morning Montana time.  Will that work?  Let me know and I'll forward contact info.

- Brad

Bradley L. Smith

PROOF_000574

Endurance Law Group PLC

180 W. Michigan Ave., Suite 801

Jackson, MI  49201

(517) 879-0253


On Fri, Apr 14, 2017 at 2:10 PM, Brad Smith <bsmith@endurancelaw.com> wrote:

 Received.  I will forward to the client today, but unlikely they are there on good Friday
 afternoon.   We'll get back to you Monday.


On Apr 14, 2017 1:44 PM, "Tim Monahan" <tmonahan@monahanip.com> wrote:

        Brad,


        Attached is my client's Petition to Cancel Proof Research's trademark
registration.  Ron Duplessis is still open to a telephone conference with the
CEO of Proof.  Please let me know as soon as you can, as I will complete
service on Proof on Monday.


*Timothy J. Monahan*

Monahan & Company, LLC

201 E Park Ave

Greenville, SC 29601

P (864) 509-6304

F (864) 509-6305

tmonahan@monahanip.com

www.monahanip.com

PROOF_000575

**CONFIDENTIALITY NOTICE:** The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.



Mimi Shackelford <mimi@endurancelaw.com>

---

## Fwd: Petition to Cancel
1 message

---

**Brad Smith** <bsmith@endurancelaw.com>                                    Wed, Apr 19, 2017 at 11:43 AM
To: Mimi Shackelford <mimi@endurancelaw.com>

psa PROOF-L0005

Bradley L. Smith
Endurance Law Group PLC
180 W. Michigan Ave., Suite 801
Jackson, MI  49201
(517) 879-0253

---------- Forwarded message ----------
From: **David Curliss** <DCurliss@proofresearch.com>
Date: Wed, Apr 19, 2017 at 11:36 AM
Subject: RE: Petition to Cancel
To: Brad Smith <bsmith@endurancelaw.com>, Larry Murphy <LMurphy@proofresearch.com>

█████████████████████████████████████████████████████████████

---

**From:** Brad Smith [mailto:bsmith@endurancelaw.com]
**Sent:** Wednesday, April 19, 2017 11:12 AM
**To:** Larry Murphy
**Cc:** David Curliss
**Subject:** Re: Petition to Cancel

Larry,

████████████████████████████████████████████

██████████████████████████

██████████████████████████████████

████████████████████████████████████████████

- Brad

# Bradley L. Smith

## Endurance Law Group PLC

**PROOF_005608**

180 W. Michigan Ave., Suite 801

Jackson, MI  49201

(517) 879-0253

On Wed, Apr 19, 2017 at 10:11 AM, Tim Monahan <tmonahan@monahanip.com> wrote:

Brad,

Ron Duplessis is available for a telephone conference with Larry Murphy on Thursday morning (Montana time). His mobile number is (225) 978-8674.  Please let us know the preferred time.

Can we agree to the following?

- The "cooling off" period will be extended through Thursday, April 20th.  During the cooling off period, neither party will file a lawsuit in federal or state court, nor file a cancellation proceeding at the TTAB.  If the parties want to continue the cooling off period until further discussions or a face-to-face meeting can be arranged, they can decide on Thursday.

- The discussions will constitute settlement discussions under FRE 408, and will not be admissible as evidence.

*Timothy J. Monahan*

Monahan & Company, LLC

201 E Park Ave

Greenville, SC 29601

P (864) 509-6304

F (864) 509-6305

tmonahan@monahanip.com

www.monahanip.com

**CONFIDENTIALITY NOTICE:** The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

**From:** Brad Smith [mailto:bsmith@endurancelaw.com]
**Sent:** Tuesday, April 18, 2017 5:01 PM

PROOF_005609

**To:** Tim Monahan <tmonahan@monahanip.com>

**Subject:** Re: Petition to Cancel

Tim,

Larry Murphy is available to discuss things with Ron Duplessis this Thursday morning Montana time.  Will that work?  Let me know and I'll forward contact info.

- Brad

Bradley L. Smith

Endurance Law Group PLC

180 W. Michigan Ave., Suite 801

Jackson, MI  49201

(517) 879-0253

On Fri, Apr 14, 2017 at 2:10 PM, Brad Smith <bsmith@endurancelaw.com> wrote:

> Received.  I will forward to the client today, but unlikely they are there on good Friday afternoon.   We'll get back to you Monday.

On Apr 14, 2017 1:44 PM, "Tim Monahan" <tmonahan@monahanip.com> wrote:

> Brad,
>
> Attached is my client's Petition to Cancel Proof Research's trademark registration.  Ron Duplessis is still open to a telephone conference with the CEO of Proof.  Please let me know as soon as you can, as I will complete service on Proof on Monday.
>
> **Timothy J. Monahan**
>
> Monahan & Company, LLC
>
> 201 E Park Ave
>
> Greenville, SC 29601
>
> P (864) 509-6304
>
> F (864) 509-6305
>
> tmonahan@monahanip.com

PROOF_005610

www.monahanip.com

**CONFIDENTIALITY NOTICE:** The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

This email may contain technical data as defined in the International Traffic in Arms Regulations ITAR 22 CFR 120.10. Export of this material is restricted by the Arms Export Control Act 22 U.S.C. 2751 et seq. and may not be exported to foreign persons without prior written approval from the U.S. Department of State.

**CarbonSix Petition to Cancel - BLS comments.pdf**
931K

**PROOF_005611**

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE BEFORE THE
TRADEMARK TRIAL AND APPEAL BOARD

In the Matter of Trademark Registration No. 4,390,533

For the mark: Trade Dress – Rifle Barrel

Date Registered:  August 27, 2013

McGowen Precision Barrels, LLC, Petitioner

     v.

Proof Research, Inc., Registrant

<u>PETITION TO CANCEL</u>

1.  Petitioner, McGowan Precision Barrels, LLC, is a Montana limited liability company having a place of business at 4051 US Highway 93, S. Kalispell, Montana 59901.

2.  Registrant, Proof Research, Inc., is a Delaware corporation having a principal place of business at 10 Western Village Lane, Columbia Falls, Montana 59912.  A copy of Registration No. 4,390,533 is attached hereto as Exhibit A.

<u>STANDING</u>

3.  Petitioner is a manufacturer of rifle barrels comprising a carbon fiber composite.  Petitioner believes that it will be damaged by the above-identified registration and hereby petitions to cancel the same.

<u>BACKGROUND</u>

4.  Carbon fiber composite rifle barrels are manufactured by the steps of (i) turning a metal barrel on a lathe to reduce its original thickness to create a "blank"; (ii) applying layers of

PROOF_005612

carbon fibers impregnated with a thermosetting resin to the outside of the barrel; (iii) heating the composite structure to cure the resin; and (iv) shaping and smoothing the outer surface of the barrel by sanding or grinding on a lathe, to produce a diameter concentric with the longitudinal axis of the barrel.

5. When the outer thickness of a metal rifle barrel is removed and replaced with a carbon fiber laminate, the weight of the barrel is significantly reduced.  Additionally, when the carbon fiber is helically wound around the barrel, it has been found to improve the performance of the barrel by increasing its stiffness, reducing vibrations and improving its accuracy.

6. The method of making carbon fiber composite barrels and barrels made by the above manufacturing steps are the subject matter of numerous utility patents.

7. The process of helically winding carbon fiber impregnated with a resin around a metal barrel blank, curing the resin and sanding the outer surface produces a random, mottled appearance, due to the contrast between the carbon fiber and the resin.

████████████████████████████████████████

### FIRST GROUND FOR CANCELLATION – FUNCTIONALITY

8. Petitioner incorporates paragraphs 1-7 by reference.

9. Registrant claims the mottled appearance resulting from the manufacture of its carbon fiber composite barrel as trade dress. ████

10. Registrant's mark comprises matter that, as a whole, is functional, in violation of the Trademark Act § 2(e), 15 USC §1052(e).



SECOND GROUND FOR CANCELLATION – REGISTRATION NO. 4,390,533 REPRESENTS MULTIPLE MARKS

11. Petitioner incorporates paragraphs 1-7 and 9 by reference.
12. The mottled appearance of Registrant's barrels is randomly produced and is not a "pattern," because it cannot be reproduced. [redacted]
13. Registrant's trade dress is essentially a product by process patent claim, covering an infinite variety of random designs. [redacted]
14. Registration No. 4,390,533 encompasses so many potential designs that the drawing does not give adequate constructive notice to third parties as to the nature of the mark. [redacted]
15. Registration No. 4,390,533 encompasses more than one mark, in violation of the Trademark Act §§ 1 and 45, 15 USC §§ 1051 and 1127.

THIRD GROUND FOR CANCELLATION – REGISTRANT'S TRADE DRESS IS GENERIC

16. Petitioner incorporates paragraphs 1-7, 9 and 12-14 by reference.
17. The mottled appearance of the barrel which Registration No. 4,390,533 seeks to protect is synonymous with a general class of composite barrels in which carbon fiber is impregnated with resin and helically wound around the outer layer of the barrel. [redacted]
18. The trade dress encompassed in Registration No. 4,390,533 is generic, in violation of the Trademark Act §§ 1, 2 and 45, 15 USC §§ 1051, 1052 and 1127.

FOURTH GROUND FOR CANCELLATION – REGISTRANT'S TRADE DRESS IS

AESTHETICALLY FUNCTIONAL

19. Petitioner incorporates paragraphs 1-7, 9, 12-14 and 17 by reference.

20. When carbon fiber composite barrels are shaped and smoothed, the natural colors of the
carbon fiber (graphite) and the resin create a contrast that is aesthetically attractive to
consumers. ███████████████████████████████████████████████

21. The mottled appearance of the carbon composite barrels provides a real and significant
competitive advantage. ████████████████████████████

22. Registration No. 4,390,533 is invalid on the ground that the trade dress is aesthetically
functional. ████████████████████████████████████


FIFTH GROUND FOR CANCELLATION – REGISTRANT COMMITTED FRAUD IN THE

PROCUREMENT OF ITS REGISTRATION

23. Petitioner incorporates paragraphs 1-7, 9, 12-14, 17, and 20-21 by reference.

24. Registrant's application Serial No. 85/683,633 was refused registration in an Office Action
dated September 23, 2012, on the ground that the product design was not distinctive.
Additionally, the examiner requested product information; in particular, the Office Action
required:

*Applicant must provide the following information and documentation regarding the applied-
for three-dimensional configuration mark, namely the mottled pattern of irregularly-sized,
rippled patches that appears on the barrel:…*

   *(3) A written explanation and any evidence as to whether there are alternative designs
available for the feature(s) embodied in the applied-for mark, and whether such alternative*

4

*designs are equally efficient and/or competitive.  Applicant must also provide a written*

*explanation and any documentation concerning similar designs used by competitors;*

*(4) A written statement as to whether the mottled pattern of irregularly-sized, rippled*

*patches that appears on the gun barrel results from a comparatively simple or inexpensive*

*method of manufacture in relation to alternative designs for the product.  Applicant must*

*also provide information regarding the method and/or cost of manufacture relating to*

*applicant's goods; and*

*(5) Any other evidence that applicant considers relevant to the registerability of the*

*applied-for configuration mark.*

25. In response to the Office Action, Registrant made the following representations:

(a) that Applicant produces the unique appearance through a manufacturing process that

irregularly exposes various levels of carbon fiber winding at or near the surface of the barrel,

resulting in an essentially random pattern of winding exposure (emphasis added);

(b) that competitors could switch to an alternative carbon fiber composite structure using pre-

impregnated sheets and that there is no direct relationship between the use of such sheets and

"the appearance" of the barrels;

(c) that there are many different

using the patented method that would not result in the distinctive mottled appearance claimed

as Applicant's trade dress, namely:

(i) A barrel could be produced more simply and at less expense by using only a coarse

grinding wheel and not progressing to the fine and/or very-fine grinding wheels.

(ii) Instead of a lathe and grinding wheel(s), the rough barrel could be sanded by hand, or

with a belt sander, orbital sander, or hand-held grinding wheels.

5

PROOF_005616

(iii) A manufacturer could grind the barrel using a lathe and progressive grinding wheels as described above, but use fiber tows having a different color than black (e.g., white or green). ███████████████████████

26. The foregoing representations are false or so intentionally misleading as to constitute a misrepresentation of fact. ████████████████████

27. Registrant knew the representations were false or misleading, or made the representations with reckless disregard to their truth or falsity. ████

28. The representations were made with the intent to induce the examiner to allow the registration of the Applicant's trade dress. ████

29. The examiner relied upon the ex parte representations made by the Registrant (Applicant). ████

30. Registration No. 4,390,533 was obtained by fraud and is invalid, and should be cancelled pursuant to the Trademark Act § 14(3), 15 USC § 1064(3). ████

WHEREFORE, Proof Research Inc.'s mark, Registration No. 4,390,533 is damaging to McGowen Precision Barrels, LLC, and accordingly, McGowen Precision Barrels, LLC respectfully requests that this Petition to Cancel be granted and that Registration No. 4,390,533 be cancelled.

By: /Timothy J.Monahan/                                    Date:  April 14, 2017
Timothy J. Monahan
MONAHAN & COMPANY, LLC
Registration No 32,481
USPTO Customer # 114199
Attorney for Petitioner

MONAHAN & COMPANY, LLC
201 E Park Ave
Greenville, SC 29601
Telephone: (864) 509-6304
Facsimile:  (864) 509-6305
E-mail: tmonahan@monahanip.com

PROOF_005617

# United States of America
## United States Patent and Trademark Office



**Reg. No. 4,390,533**

**Registered Aug. 27, 2013**

**Int. Cl.: 13**

**TRADEMARK**

**PRINCIPAL REGISTER**

PROOF RESEARCH, INC. (DELAWARE CORPORATION)
10 WESTERN VILLAGE LANE
COLUMBIA FALLS, MT 59912

FOR: COMPONENT PARTS FOR RIFLES; FIELD GUNS; FIREARMS; GUN BARRELS; GUNS; HUNTING RIFLES; RIFLE BARRELS; RIFLES; RIFLES AND PARTS THEREOF; SPORTING RIFLES, IN CLASS 13 (U.S. CLS. 2 AND 9).

FIRST USE 1-31-2003; IN COMMERCE 1-31-2003.

THE MARK CONSISTS OF TRADE DRESS APPLIED TO GUN BARRELS FORMED WITH A MOTTLED PATTERN OF IRREGULARLY-SIZED, RIPPLED PATCHES, RESEMBLING A QUILT HAVING STRIATED PATCHES OF VARYING SHAPES AND REFLECTIVITY DEPENDING ON THE AMBIENT LIGHT SOURCE AND VIEWING ANGLE. THE DOTTED LINES IN THE DRAWING SHOW THE SHAPE OF THE GUN TO WHICH THE APPLICANT'S TRADE DRESS IS APPLIED, ARE INTENDED TO SHOW THE POSITION OF THE MARK ON THE GUN, AND ARE NOT PART OF THE MARK.

SEC. 2(F).

SER. NO. 85-638,633, FILED 5-30-2012.

APRIL HESIK, EXAMINING ATTORNEY



Acting Director of the United States Patent and Trademark Office

# Exhibit A

PROOF_005618



W.T. BOONE (1910-1984)
KARL R. KARLBERG (1923-1988)
JAMES J. BENN (1944-1992)
THOMAS H. BOONE, Retired
ROBERT J. SULLIVAN
CYNTHIA K. THIEL, of Counsel
JAMES A. BOWDITCH
MATTHEW B. HAYHURST
SCOTT M. STEARNS
NATASHA PRINZING JONES
THOMAS J. LEONARD

JULIE R. SIRRS
TRACEY NEIGHBOR JOHNSON
CHRISTOPHER L. DECKER
ZACHARY A. FRANZ
TYLER M. STOCKTON
WILLIAM T. CASEY
REBECCA L. STURSBERG
CINDY L. WALKER, of Counsel
ELLIOTT D. MCGILL
ELIZABETH A. SCOTT
SHELBY K. TOWE

April 5, 2023

**VIA EMAIL**

Kyle M. Keegan
Amber N. Robichaux
Keegan, Juba, Lowe & Robichaux, LLC
5555 Hilton Avenue, Suite 205
Baton Rouge, LA 70808fed
kmk@keeganjuban.com
anr@keeganjuban.com

Timothy B. Strauch
Strauch Law firm, PLLC
257 West Front Street, Suite A
Missoula, MT 59802
tstrauch@strauchlawfirm.com

    Re:    *McGowen Precision Barrels, LLC v. Proof Research, Inc.*—Discovery

Kyle, Amber, and Tim,

    We write to follow up on the discussion from last week concerning discovery.

    *First*, with this letter, we are supplementing our discovery responses to address your concerns regarding objections and withheld documents. Though we do not necessarily agree with your interpretation, in a spirit of compromise and with the hope of avoiding an unnecessary discovery motion, we have provided clarification on what is being withheld where relevant. We are also enclosing an updated privilege log. As a note, we are not placing verbal communications with counsel on the privilege log.

    *Second*, we continue to disagree concerning the advice of counsel issue. However, we have re-examined Mr. Smith's file and the files withheld from Mr. Smith's file and supplemented the documents concerning <u>obtaining</u> the Registration which were not produced in this case or the Cancellation Proceeding. These are Docs. 797, 806, 807, 809,

K. Keegan, A. Robichaux, & T. Strauch
April 5, 2023
Page 2

811, 812, and 816 on the privilege log (and draft word versions if available), an email regarding drawings with Mr. D'Onofrio, a draft of the description of the trade dress, and some drawings. Mr. Smith's file also contains publicly filed documents and communications between Mr. Smith and the USPTO that we believe are publicly available on the Registration's docket with the USPTO, such as filings, filing confirmations, receipts for filings, communications regarding post-publication amendments, voluntary amendments, notice of assignments, etc. We are not producing these nor asserting privilege over them. As we made clear in our Motion for Summary Judgment, Proof is only relying on advice of counsel as to underlining obtaining the Registration. The scope of an advice of counsel waiver is limited to the subject matter. *See High Country Paving, Inc. v. United Fire & Cas. Co.*, 414 F. Supp. 3d 1299, 1303 (D. Mont. 2019) (finding subject-matter waiver argument more persuasive). Proof's waiver was very clear and limited to the subject matter of obtaining the Registration, not analysis of individuals infringing on the Registration, patent matters, litigation concerning the Registration, or other legal matters.

*Third*, you inquired regarding communications with individuals served with subpoenas. Please see the supplemented documents for communications between Natasha Prinzing Jones and Justin Giarusso.

*Finally*, you inquired about the possibility of seeking revisions to the scheduling order in this case. While we believe there is no need for additional discovery and that our summary judgment motion is sufficient to resolve this case, we are open to considering a joint motion to amend the scheduling order to give the Court time to rule on the pending motions. Please go ahead and send us a proposed joint motion with the proposed dates.

Sincerely,

Tyler M. Stockton

**Rita Agin**

| | |
|---|---|
| **From:** | Tyler Stockton |
| **Sent:** | Tuesday, June 13, 2023 5:13 PM |
| **To:** | kmk@keeganjuban.com; anr@keeganjuban.com; Tim Strauch |
| **Cc:** | Tasha Jones; Matt Hayhurst |
| **Subject:** | McGowen v. Proof - Rule 26(b)(5)(B) Notice |
| **Attachments:** | PROOF_000557-000583 (with redactions applied) (00988020).PDF |

Counsel,

Upon review of McGowen's response to Proof's Motion for Summary Judgment, filed yesterday, Proof learned that PROOF_000577-582 contains work product and attorney-client privileged material that was inadvertently left unredacted when produced. PROOF_000577-582 is an attachment to an email from Proof's legal counsel, Brad Smith, to Larry Murphy and David Curliss, which is a draft of McGowen's Petition to Cancel Proof's Registration, with Mr. Smith's added comments, legal analysis, and draft answers to it. Proof produced another copy of that document, PROOF_005612-005618, where Mr. Smith's comments, legal analysis, and draft answers were redacted. Given the discrepancy in production, it was self-evident that PROOF_000577-582's lack of redaction was inadvertent.

"The attorney-client privilege protects confidential communications between an attorney and client during the course of the professional relationship." *Nelson v. City of Billings*, 2018 MT 36, ¶ 23, 390 Mont. 290, 412 P.3d 1058. The work product privilege is similar. Rule 26(b)(3)(A) provides that in general "a party may not discover documents and tangible things that are <u>prepared in anticipation of litigation or for trial</u>." (Emphasis added.) And, if any such disclosure is required, the court "<u>must</u> protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B) (emphasis added). Montana law is in accord: "The work-product doctrine protects materials prepared in anticipation of litigation, even though litigation is not in progress." *Palmer by Diacon v. Farmers Ins. Exch.*, 261 Mont. 91, 114, 861 P.2d 895, 909 (1993). There can be no question that Mr. Smith's comments, legal analysis, and draft answers to a legal pleading were communications he made to his client with legal advice and (1) prepared in anticipation of litigation; and (2) are the mental impressions or opinions of legal counsel. Regardless of the analysis, Mr. Smith's work was privileged.

As such, pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), Proof provides notice that PROOF_000577-582 contained privileged information. As required, please "promptly return, sequester, or destroy" PROOF_000577-582 and replace it with the attached, redacted version. Please also cease any reliance upon or use of the privileged material and take all reasonable steps to "retrieve the information." Since McGowen has relied on PROOF_000577-582 in its response to Proof's Motion for Summary Judgment, please withdraw McGowen's response and refile an updated response to Proof's summary judgment motion removing any reference to or argument based on the privileged information contained in PROOF_000577-582.

Thank you,

**Tyler M. Stockton**
Associate

BOONE◆KARLBERG
201 West Main St., Suite 300
P.O. Box 9199
Missoula, MT 59807
406.543.6646 (main line)

**Rita Agin**

| | |
|---|---|
| **From:** | Amber Robichaux <anr@keeganjuban.com> |
| **Sent:** | Wednesday, June 14, 2023 2:22 PM |
| **To:** | Tyler Stockton; Kyle Keegan; Tim Strauch |
| **Cc:** | Tasha Jones; Matt Hayhurst |
| **Subject:** | RE: McGowen v. Proof - Rule 26(b)(5)(B) Notice |

Tyler,

We do not agree it was "self-evident" that Proof's production of PROOF_000577-582 was inadvertent. Proof produced that document nearly four months ago, in February, in its initial discovery responses. Since that time, the parties have engaged in numerous discussions between counsel and engaged in two conferences with the Court regarding Proof's claimed privilege and work product information and the scope of its waiver thereof relating to Smith's advice. Proof advised the Court and us that everything it produced from Smith was waived. Not once was any issue raised by Proof with respect to PROOF_000577-582. In reliance upon those assurances, and following Proof's withdrawal of the advice-of-counsel defense, the Court then ordered McGowen to respond to the summary judgment motion, and it did, including using PROOF_000577-582 in its sealed response.

Only after that all occurred did we receive your claw-back demand. Thus, McGowen disputes the timeliness of the demand and contends it has been waived.

To the extent Proof's claw-back rights have not been waived, McGowen contends that Proof has waived both privilege and any work product immunity and/or that the substantial needs test has been met with respect to PROOF_000577-582.

Without waiver of McGowen's rights and without prejudice to its position, we confirm that PROOF_000577-582 has been sequestered and it has not been and will not be disseminated until the Court resolves the issue. McGowen cannot agree not to use the document, because it was used in our sealed summary judgment response, before you made the demand not to use it. However, it is under seal, and the dispute can and should be presented to the Court with the document under seal.

Accordingly, we will not agree to withdraw McGowen's response or refile a new response to Proof's summary judgment motion removing any reference to or argument based on PROOF_000577-582. We request a discovery conference with the Court.

Thanks,
Amber N. Robichaux, Esq.
Keegan, Juban, Lowe & Robichaux, LLC
5555 Hilton Avenue, Suite 205
Baton Rouge, LA 70808
Telephone: (225) 364-3600
Facsimile: (225) 364-3608
Email: anr@keeganjuban.com

The information contained in this communication is confidential, may be privileged, may constitute inside information and is intended only for the use of the addressee.  Unauthorized use, disclosure or

copying is prohibited and may be unlawful.  If you received this communication in error, please notify us
at (225) 364-3600.

---

**From:** Tyler Stockton <tstockton@boonekarlberg.com>
**Sent:** Tuesday, June 13, 2023 6:13 PM
**To:** Kyle Keegan <kmk@keeganjuban.com>; Amber Robichaux <anr@keeganjuban.com>; Tim Strauch <tstrauch@strauchlawfirm.com>
**Cc:** Tasha Jones <npjones@boonekarlberg.com>; Matt Hayhurst <mhayhurst@boonekarlberg.com>
**Subject:** McGowen v. Proof - Rule 26(b)(5)(B) Notice

Counsel,

Upon review of McGowen's response to Proof's Motion for Summary Judgment, filed yesterday, Proof learned that PROOF_000577-582 contains work product and attorney-client privileged material that was inadvertently left unredacted when produced. PROOF_000577-582 is an attachment to an email from Proof's legal counsel, Brad Smith, to Larry Murphy and David Curliss, which is a draft of McGowen's Petition to Cancel Proof's Registration, with Mr. Smith's added comments, legal analysis, and draft answers to it. Proof produced another copy of that document, PROOF_005612-005618, where Mr. Smith's comments, legal analysis, and draft answers were redacted. Given the discrepancy in production, it was self-evident that PROOF_000577-582's lack of redaction was inadvertent.

"The attorney-client privilege protects confidential communications between an attorney and client during the course of the professional relationship." *Nelson v. City of Billings*, 2018 MT 36, ¶ 23, 390 Mont. 290, 412 P.3d 1058. The work product privilege is similar. Rule 26(b)(3)(A) provides that in general "a party may not discover documents and tangible things that are <u>prepared in anticipation of litigation or for trial</u>." (Emphasis added.) And, if any such disclosure is required, the court "<u>must</u> protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B) (emphasis added). Montana law is in accord: "The work-product doctrine protects materials prepared in anticipation of litigation, even though litigation is not in progress." *Palmer by Diacon v. Farmers Ins. Exch.*, 261 Mont. 91, 114, 861 P.2d 895, 909 (1993). There can be no question that Mr. Smith's comments, legal analysis, and draft answers to a legal pleading were communications he made to his client with legal advice and (1) prepared in anticipation of litigation; and (2) are the mental impressions or opinions of legal counsel. Regardless of the analysis, Mr. Smith's work was privileged.

As such, pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), Proof provides notice that PROOF_000577-582 contained privileged information. As required, please "promptly return, sequester, or destroy" PROOF_000577-582 and replace it with the attached, redacted version. Please also cease any reliance upon or use of the privileged material and take all reasonable steps to "retrieve the information." Since McGowen has relied on PROOF_000577-582 in its response to Proof's Motion for Summary Judgment, please withdraw McGowen's response and refile an updated response to Proof's summary judgment motion removing any reference to or argument based on the privileged information contained in PROOF_000577-582.

Thank you,

**Tyler M. Stockton**
Associate

**BOONE KARLBERG** ATTORNEYS AT LAW
201 West Main St., Suite 300
P.O. Box 9199
Missoula, MT 59807
406.543.6646 (main line)
406.549.6804 (main fax)

**Rita Agin**

| | |
|---|---|
| **From:** | Amber Robichaux <anr@keeganjuban.com> |
| **Sent:** | Wednesday, April 19, 2023 2:17 PM |
| **To:** | Kyle Keegan; Tyler Stockton; Tasha Jones; Matt Hayhurst |
| **Cc:** | Tim Strauch |
| **Subject:** | RE: Outstanding discovery issues |
| **Attachments:** | 230419 Joint Motion for 2d Discovery Status Conference.docx; 230419 BrfISO MtnCompelDiscovery.finaldraft.pdf; 230419 MtnCompelDiscovery.finaldraft.pdf; 230419 Strauch Decl ISO Mtn Compel.finaldraft.pdf; 230419 Brf Ex A.finaldraft.pdf |

Tyler,

Attached is the joint motion for discovery status conference (with our proposed attachments, with the exception of all of the attachments to the declaration as you already have those) as discussed below.

Thanks,
Amber N. Robichaux, Esq.
Keegan, Juban, Lowe & Robichaux, LLC
5555 Hilton Avenue, Suite 205
Baton Rouge, LA 70808
Telephone: (225) 364-3600
Facsimile: (225) 364-3608
Email: anr@keeganjuban.com
The information contained in this communication is confidential, may be privileged, may constitute inside information and is intended only for the use of the addressee.  Unauthorized use, disclosure or copying is prohibited and may be unlawful.  If you received this communication in error, please notify us at (225) 364-3600.

---

**From:** Kyle Keegan <kmk@keeganjuban.com>
**Sent:** Wednesday, April 19, 2023 11:06 AM
**To:** Tyler Stockton <tstockton@boonekarlberg.com>; Tasha Jones <npjones@boonekarlberg.com>; Matt Hayhurst <mhayhurst@boonekarlberg.com>
**Cc:** Amber Robichaux <anr@keeganjuban.com>; Tim Strauch <tstrauch@strauchlawfirm.com>
**Subject:** RE: Outstanding discovery issues

Tyler, you state, "Merely sending letters without articulating the basis or grounds for the dispute are not sufficient for the other side to meaningfully engage, much less resolve the dispute before motions practice."  We agree.  However, you neglect to acknowledge that, in addition to exchanging correspondence with you concerning our position on waiver of privilege/work product (our 3/8/23 letter and subsequent emails), we waited patiently for you and your team to be available to confer over the phone about that and other issues, which you and Matt were finally able to do with us on 3/29/23.  During that conference, we did not necessarily disagree about the legal concept of waiver, we disagreed about the scope of the waiver under the facts of this case.  Proof contended that it was limited to communications with Smith that were produced in the Cancellation Proceeding.  We contended it was much broader than that to encompass advice relative to any reasonable belief upon which Proof asserted the claims and made the allegations contained in the Infringement Proceeding.  As for the law supporting our position, that is clearly articulated in our 56d brief filed 3/22/23 (Doc. 47 at 6-10).  Following that conference and your receipt of our brief, on April 5, you wrote that, after reviewing everything, "we continue to disagree concerning the advice of counsel issue," and maintained the position that "Proof's waiver was very clear and limited to the subject matter of obtaining the Registration, not analysis of individuals

1

infringing on the Registration, patent matters, litigation concerning the Registration, or other legal matters." We agree with you we have reached an impasse on that issue. It is clear your position did not change after discussing with us and considering ours, including extensive briefing. While we disagree about your interpretation or application of the law, arguing about your interpretation versus ours is not required – the Judge's interpretation is needed to get us past this impasse. Thus, we don't believe further informal efforts between counsel are required and we will strongly disagree with any continued assertion by you that we only wrote to you about this issue, because it simply is false.

That said, we are happy to discuss this issue further with Judge DeSoto in a discovery conference before filing our motion to compel, and will draft a joint motion for your consideration, with the request that we file it as promptly as possible given the ongoing concerns regarding how much this discovery dispute had impacted our ability to move forward with this case within the current case schedule. We will revert with the draft motion as quickly as we can. In the meantime, we will have Tim reach out to Judge DeSoto's chambers regarding potential dates/times for the conference.

Kyle M. Keegan, Esq.
Keegan, Juban, Lowe & Robichaux LLC
5555 Hilton Avenue, Suite 205
Baton Rouge, LA 70808
Office - (225) 364-3600
Cell - (225) 978-4100
kmk@keeganjuban.com

The information contained in this communication is confidential, may be privileged, may constitute inside information and is intended only for the use of the addressee. Unauthorized use, disclosure or copying is prohibited and may be unlawful. If you received this communication in error, please notify us at (225) 364-3600

**From:** Tyler Stockton <tstockton@boonekarlberg.com>
**Sent:** Tuesday, April 18, 2023 5:18 PM
**To:** Kyle Keegan <kmk@keeganjuban.com>; Tasha Jones <npjones@boonekarlberg.com>; Matt Hayhurst <mhayhurst@boonekarlberg.com>
**Cc:** Amber Robichaux <anr@keeganjuban.com>; Tim Strauch <tstrauch@strauchlawfirm.com>
**Subject:** RE: Outstanding discovery issues

Kyle,

Thank you for the clarification on what the issue is, however, our confusion remains. In your letter of March 8, McGowen claimed Proof "has waived such privilege/protection due to its assertion of the advice-of-counsel defense." That was it. There was no caselaw or other argument or articulation whatsoever of McGowen's position on this issue. Despite the nonexistent argument, in good faith, Proof responded with case law supporting its position on the waiver and produced the documents relating to the waiver (regarding <u>obtaining</u> the Registration, which was years before litigation ensued). In response, McGowen merely said it is moving to compel and your recent email continues that lack of response. Parties are required to meet and confer in good faith and such meet and confer process must be "meaningful." *Osborne v. Billings Clinic*, No. CV 14-126-BLG-SPW, 2015 U.S. Dist. LEXIS 48363, at *6 (D. Mont. Apr. 13, 2015). Merely sending letters without articulating the basis or grounds for the dispute are not sufficient for the other side to meaningfully engage, much less resolve the dispute before motions practice.

If McGowen refuses to further engage on this, Proof does oppose the motion. However, Proof also does not believe the parties have conducted sufficient meet and confer and invites McGowen to engage on the merits. Proof also believes the specific issue that is now at issue (scope of waiver) was certainly not discussed with Judge DeSoto. Following a substantive and meaningful meet and confer, Proof believes this issue should be brought before Judge DeSoto in a discovery conference before motions practice is initiated.

Thanks,

Tyler

---

**From:** Kyle Keegan <kmk@keeganjuban.com>
**Sent:** Tuesday, April 18, 2023 2:28 PM
**To:** Tyler Stockton <tstockton@boonekarlberg.com>; Tasha Jones <npjones@boonekarlberg.com>; Matt Hayhurst <mhayhurst@boonekarlberg.com>
**Cc:** Amber Robichaux <anr@keeganjuban.com>; Tim Strauch <tstrauch@strauchlawfirm.com>
**Subject:** RE: Outstanding discovery issues

Tyler,

The outstanding issues for the motion to compel are those that you articulated in your recent letter as being the subject of the parties' current impasse re: the attorney-client communications and work product relating to Proof's advice of counsel defense.

The Court was clear in the last informal discovery conference that, if the parties were not able to resolve the discovery disputes, a motion to compel could be filed without an additional conference. We do not believe that further discussions would present a realistic possibility of a resolution, given how far the parties are apart on these issues.

Please confirm that you do not consent to the relief requested in the motion to compel.

Kyle M. Keegan, Esq.
Keegan, Juban, Lowe & Robichaux LLC
5555 Hilton Avenue, Suite 205
Baton Rouge, LA 70808
Office - (225) 364-3600
Cell - (225) 978-4100
kmk@keeganjuban.com

The information contained in this communication is confidential, may be privileged, may constitute inside information and is intended only for the use of the addressee. Unauthorized use, disclosure or copying is prohibited and may be unlawful. If you received this communication in error, please notify us at (225) 364-3600

---

**From:** Tyler Stockton <tstockton@boonekarlberg.com>
**Sent:** Tuesday, April 18, 2023 1:23 PM
**To:** Kyle Keegan <kmk@keeganjuban.com>; Tasha Jones <npjones@boonekarlberg.com>; Matt Hayhurst <mhayhurst@boonekarlberg.com>
**Cc:** Amber Robichaux <anr@keeganjuban.com>; Tim Strauch <tstrauch@strauchlawfirm.com>
**Subject:** RE: Outstanding discovery issues

Hello Kyle,

We are confused as to what issues McGowen is moving to compel and perhaps it may be best to seek another informal discovery conference with Judge DeSoto before resorting to motions practice.

Proof served its discovery responses nearly two months ago on February 21, 2023, providing McGowen with detailed references to prior discovery production done in the Cancellation Proceeding and producing thousands of pages of

documents. On March 8, 2023, McGowen sent a very brief letter highlighting its perceived discovery issues. Proof provided a privilege log on March 10, 2023, and the parties discussed the discovery issues on March 29, 2023. Proof has, since that conversation, explained its position on the advice of counsel issue, produced the documents regarding the scope of the waiver (obtaining the Registration, which was years before litigation ensued), and supplemented its discovery to address McGowen's remaining issues. McGowen's response was to declare it was moving to compel. However, to date, McGowen has articulated no basis for challenging Proof's arguments regarding advice of counsel and the remaining issues McGowen raised were addressed to the best of Proof's knowledge. In other words, Proof is unsure what McGowen is seeking in a motion to compel and on what legal grounds it intends to rely. Proof is happy to consider McGowen's arguments or examine other perceived discovery issues, but it needs to know what those are and what the legal basis is before it can respond.

On the issue of schedule, Proof does not agree there is a need to build a four month motion to compel cycle. Proof moved for summary judgment two months ago now, relying on information the parties have all had access to for years. There is no need for extensive and lengthy additions to the schedule. Could you please review our proposed schedule and suggest some compromise dates that we can consider?

Thanks,

Tyler

---

**From:** Kyle Keegan <kmk@keeganjuban.com>
**Sent:** Monday, April 17, 2023 1:43 PM
**To:** Tyler Stockton <tstockton@boonekarlberg.com>; Tasha Jones <npjones@boonekarlberg.com>; Matt Hayhurst <mhayhurst@boonekarlberg.com>
**Cc:** Amber Robichaux <anr@keeganjuban.com>; Tim Strauch <tstrauch@strauchlawfirm.com>
**Subject:** Outstanding discovery issues

Tyler, Tasha and Matt,

We are filing a motion to compel on the issues as to which we were unable to reach agreement in the "meet and confer" process over the last several weeks.  We assume you do not consent to the motion, but in order to comply with the rules, I am required to ask.  Please confirm..

Kyle M. Keegan, Esq.
Keegan, Juban, Lowe & Robichaux LLC
5555 Hilton Avenue, Suite 205
Baton Rouge, LA 70808
Office - (225) 364-3600
Cell - (225) 978-4100
kmk@keeganjuban.com

The information contained in this communication is confidential, may be privileged, may constitute inside information and is intended only for the use of the addressee.  Unauthorized use, disclosure or copying is prohibited and may be unlawful.  If you received this communication in error, please notify us at (225) 364-3600